IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **TIMOTHY LEROY FORTUNE,** *et al.* § | |
| § | |
| v. § | NO. 4:24-CV-00316-ALM-BD |
| § | |
| **IDAHO HOUSING & FINANCE** § | |
| **ASSOCIATION,** *et al.* § | |

### MEMORANDUM OPINION AND ORDER

Proceeding pro se, Timothy Leroy Fortune and, arguably, Ashley Roshunna Fortune sued Idaho Housing & Finance Association and HomeLoanServ. Dkt.1. As explained below, the parties filed several motions, Dkts. 7, 11, 20, 22, 23, 28, 30, that the court addresses in this order.

### BACKGROUND

Although Timothy Fortune undoubtedly filed the original complaint in this case, it is unclear whether Ashley Fortune joined it. Dkt. 1. The complaint's caption and cover sheet listed both Timothy and Ashley as plaintiffs, Dkt. 1 at 1, 1-1, but the body of the complaint referred only to Timothy as a plaintiff, and he alone signed it pro se, *id.* at 1, 12. The two defendants, Idaho Housing & Finance Association and HomeLoanServ, jointly moved to dismiss the original complaint, Dkt. 7 (motion); *see* Dkt. 9 (response), and the Fortunes moved to strike that motion, Dkt. 11 (motion); *see* Dkt. 12 (response).

Months later, an amended complaint and an "updated" amended complaint were filed without leave of court. Dkts. 19, 27. Ashley signed the second of those two filings, which still mentioned just one "plaintiff." Dkt. 27 at 1, 12. The defendants filed opposed motions to strike both putative amended complaints. Dkts. 23 (first motion), 28 (second motion); *see* Dkts. 26 (response to first motion), 29 (response to second motion). Timothy also moved to file electronically and for an extension of time to file the disclosures required by Federal Rule of Civil Procedure 26(a)(1). Dkts. 20, 22. Finally, the Fortunes jointly moved to conduct discovery. Dkt. 30 (motion); *see* Dkt. 31 (response).

## DISCUSSION

### I. The "updated" amended complaint and the defendants' motion to strike it

The defendants moved to strike the "updated" amended complaint, arguing that the plaintiffs (the court will use the plural to give the Fortunes the benefit of the doubt) should not be granted leave to amend because their claims are frivolous and amendment would be futile and would cause undue prejudice. Dkt. 28. The plaintiffs opposed the motion, insisting that their complaint has merit and that discovery would prove it. Dkt. 29. In the interest of justice, the court will deny the motion to strike and retroactively grant the plaintiffs leave to file their "updated" amended complaint, making that the operative complaint.

Federal Rule of Civil Procedure 15 requires the court to "freely give leave [to amend a complaint] when justice so requires." The court may, but need not, deny leave to amend when any of five factors is present: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by allowing the amendment, and (5) futility of amendment. *Jack v. Evonik Corp.*, 79 F.4th 547, 564–65 (5th Cir. 2023); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the original complaint lacked Ashley's signature. Under Rule 11(a), "[e]very pleading, written motion, and other paper must be signed" by the "party personally if the party is unrepresented." The "updated" amended complaint, which bears Ashley's signature, complies with that rule and reflects that there are two plaintiffs, not just one. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (explaining that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (quotation marks omitted)); Fed. R. Civ. P. 8 (requiring pleadings to "be construed so as to do justice").

By denying the motion to strike, the court also avoids the likely error of dismissing a pro se complaint without affording the plaintiff a chance to amend it. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). The court must give pro se plaintiffs the opportunity to plead their "best case," and that often requires granting them leave to amend. *Id.* Through the three complaints filed so far, the Fortunes have had that opportunity.

Now that the "updated" amended complaint is the operative complaint, the defendants' motion to dismiss the original complaint is moot. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (explaining that "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading"). The defendants may, however, reurge the arguments raised in their motions to dismiss and to strike, Dkts. 7, 23, 28, when challenging the "updated" amended complaint.

**II. Timothy's request to file electronically and Ashley's need to update her mailing address**

Timothy moved for permission to file electronically. Dkt. 20. The defendants did not respond. The motion will be granted, and the Clerk of Court will allow Timothy to "register as a Filing User in the Electronic Filing System solely for purposes of th[is] action." Loc. R. CV-5(a)(2)(B). Once registered, Timothy will be able to file electronically. But notwithstanding his pro se status, he will be required to comply with the Federal Rules of Civil Procedure and the court's Local Rules. His ability to file electronically is a privilege, not a right, and may be rescinded if abused.

Ashley did not join in Timothy's motion for permission to file electronically, so she will not be registered as a filing user. She will continue to receive communications from the court through certified mail. Because the last order mailed to her was returned as undeliverable, Dkt. 21, she will need to update her address with the court. *See* Loc. R. CV-11(d).

**III. Timothy's request for permission to conduct discovery**

Timothy filed a motion for permission to conduct discovery. Dkt. 30. The defendants opposed the motion, arguing that the court should instead stay discovery because there are three pending motions that would limit or eliminate the need for discovery and that, given the nature of the Fortunes' claims, discovery would be both unnecessary and improper. Dkt. 31 at 7.

A federal district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "For example, under Federal Rule of Civil Procedure 26(c), the court may stay

3

discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of . . . dispositive motions." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990); 6 James W. Moore et al., Moore's Federal Practice § 26.105[3][c] (3d ed. 2010)). But a discovery stay is "the exception rather than the rule." *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, 2008 WL 2930482, at * 1 (N.D. Tex. July 23, 2008).

The circumstances here are exceptional and warrant a stay. The Fortunes base their claims on a professed belief that their "strawmen" signatures, *see infra* Part V, have monetary value and can satisfy their mortgage debt. There is no support in the law for that notion. *See Mills v. Bank OZK*, No. 6:24-CV-00133-JDK-KNM, 2024 WL 4714325, at *2 (E.D. Tex. Oct. 9, 2024) (rejecting similar claims and noting that four other federal courts had done so that year alone), *report and recommendation adopted*, No. 6:24-CV-133-JDK-KNM, 2024 WL 4834029 (E.D. Tex. Nov. 19, 2024). The defendants moved to dismiss the Fortunes' original complaint and will presumably move to dismiss their "updated" amended complaint. Based on the allegations in that complaint, a motion to dismiss will likely be granted. Requiring the defendants to participate in discovery in the meantime would impose undue burden and expense. And because "[d]iscovery is not justified when cost and inconvenience will be its sole result," *Landry*, 901 F.2d at 436, discovery will be stayed.

### IV. The remaining motions

Because the "updated" amended complaint is now the operative complaint, the motion to dismiss the original complaint, Dkt. 7, the motion to strike that motion, Dkt. 11, and the motion to strike the amended complaint, Dkt. 20, are all moot. *See New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023). And because Timothy has already made his Rule 26(a)(1) initial disclosures, *see* Dkts. 24, 25, his motion for an extension of time to do so, Dkt. 22, is likewise moot.

## V. The purported strawmen

Finally, although the plaintiffs are not attorneys, they have attempted to represent entities. They distinguish their flesh-and-blood selves from their "strawman" selves and attempt to represent the strawmen's claims. Dkt. 27 at 2, 12; *see Moore v. Discover Bank*, No. 24-CV-3194 (LTS), 2024 WL 2784878, at *2 (S.D.N.Y. May 28, 2024) (explaining that proponents of the "redemptionist" theory believe that "when a person's name is spelled with initial capital letters and small letters, it represents the 'real person' and whenever a person's name is written in total capitals, only a 'strawman' is referenced, and the flesh and blood person is not involved" (cleaned up)). Not only is there no cognizable legal basis for the plaintiffs' "strawman" theory, but a non-lawyer cannot represent another person or entity in federal court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). For that reason, the court liberally construes the complaint as raising claims only on behalf of the plaintiffs in their individual capacities and not on behalf of the alleged strawmen.

## CONCLUSION

It is **ORDERED** that:

1) the motion to dismiss, Dkt. 7, is **DISMISSED AS MOOT**;
2) the motion to strike the motion to dismiss, Dkt. 11, is **DISMISSED AS MOOT**;
3) the motion for leave to file electronically, Dkt. 20, is **GRANTED**;
4) Ashley Fortune must update her mailing address with the Clerk of Court;
5) the motion for an extension of time, Dkt. 22, is **DISMISSED AS MOOT**;
6) the motion to strike the amended complaint, Dkt. 23, is **DISMISSED AS MOOT**;
7) the "updated" amended complaint, Dkt. 27, is the operative complaint and raises claims for both plaintiffs in their individual capacities only;
8) the motion to strike the "updated" amended complaint, Dkt. 28, is **DENIED**;
9) the motion for permission to conduct discovery, Dkt. 30, is **DENIED**; and
10) discovery is **STAYED** pending resolution of any motion to dismiss the "updated" amended complaint, which must be filed within 21 days of the entry of this order.

So **ORDERED** and **SIGNED** this 5th day of February, 2025.

_____
Bill Davis
United States Magistrate Judge